UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Simon A. Lundry, Sr.,**
         **Plaintiff,**

        vs.           06-2215

**Robert Andre Alvarado,**
         **Defendant.**

### OPINION

The plaintiff, Simon Andre Lundry, Sr., has filed a petition to proceed in forma pauperis, d/e 1, and submitted a complaint, purportedly pursuant to 28 U. S. C. §1331. The only defendant he names is Robert Andre Alvarado.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty*

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background

The plaintiff is a federal pre-trial detainee. He is currently detained in a Federal Correctional Institution in Sandstone, Minnesota. He has brought a complaint, purportedly pursuant to 28 U. S. C. Section 1331, against Robert Andre Alvarado, a court appointed public defender who represented the plaintiff who was a defendant in criminal proceedings. The plaintiff claims that the defendant was terminated from his criminal case due to a conflict of interest, but was reappointed as the plaintiff's attorney a year later. Plaintiff claims that Alvarado provided "ineffective information" on his case. Further, the plaintiff claims that Alvarado, while working on another case with the "my" informer was advising the plaintiff's counsel not to proceed to trial." Further, the plaintiff claims Alvarado was "working on a high profile case (sic) government, and my informer while at the same time advising my case take a guilty plea, to spare the governments (sic) informers credibility from being impeached on his arresting case." As relief, the plaintiff seeks "charges of Malpractice Lawsuit filed against" Alvarado, a full apology with monetary relief for mental stress, emotional pain and suffering.

### Discussion

The district courts have original jurisdiction over all civil actions arising under the Constitution of the United States. 28 U.S.C. § 1331. Federal question jurisdiction exists so long as "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). However, public defenders cannot generally be sued under § 1983 [or § 1331] because they are not considered "state actors" while "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Therefore, pursuant to 28 U.S.C. §1915A and § 1331, the plaintiff's complaint is dismissed against Alvarado.

If the plaintiff is attempting to allege that his former attorney, Alvarado was ineffective

in the criminal proceedings in which Alvarado represented the plaintiff, a habeas corpus action, pursuant to 28 U.S.C. Section 2255 would be the appropriate course of action. However, this court hastens to add that it is not deciding whether the plaintiff has a viable habeas action. Finally, if the plaintiff is trying to make out a negligence action based on state law, federal courts lack jurisdiction over it (that is, the federal courts lack the power to decide the claim).

It is therefore ordered:

1. Pursuant to 28 U.S.C. §1915A and § 1331, the plaintiff's entire complaint is dismissed.
2. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this <u>17th</u>  day of April 2007.


S/MICHAEL P. MCCUSKEY
MICHAEL P. MCCUSKEY
UNITED STATES DISTRICT JUDGE